SMITH GRANITE CO. *et al. vs.* JOSEPH NEWALL & CO. *et al.*

WASHINGTON—DECEMBER 5, 1900.

PRESENT : Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Equity. Amendment of Bill. Contracts.*

Where a proposed amendment to a bill in equity is based upon the want of capacity of a person to execute a contract by which the complainants are affected, and fails to aver a lack of knowledge on their part of the incapacity at the time of the passage of certain votes by the complainants amounting to a ratification of the contract, the motion to amend will be denied.

(2) *Equity. Amendment of Bill.*

Amendments which would make a new bill, calling for new testimony and a new trial of a case already decided on its merits, will not be allowed.

(3) *Contracts. Liquidated Damages.*

A contract for sale of land provided that the grantors should, upon the execution of the deed, receive from the grantees the sum of ten thousand dollars, which sum, upon the completion of the purchase, should be considered as a part of the purchase price of one hundred and ten thousand dollars, and, in the event that the grantees should fail to carry out their part of the agreement, should be retained by the grantors as liquidated damages. The grantors gave their deed, which was accepted and recorded by the grantees, who entered into possession of the land.

The mode of payment of the balance, subsequently agreed upon by the parties, proved to be impossible without fault on their part. On a motion to amend a bill brought by the grantees to rescind the agreement and to have a reconveyance of the property to the grantors, so as to have the sum of ten thousand dollars held by the grantors declared to be held by them as liquidated damages :—

*Held,* that, the grantees having taken the land, the clause relating to liquidated damages did not apply.

BILL IN EQUITY brought to rescind an agreement, cancel bonds, and discharge a mortgage. The bill set out that the Smith Granite Company, located and doing business at Westerly, in the State of Rhode Island, had been the owner and operator of a granite quarry, and that Joseph Newall & Company was and had been the owners of another quarry at or near Niantic, also in said State of Rhode Island ; that on the 12th day of October, 1898, Orlando R. Smith and Julia E. Smith, the principal stockholders, owning two-thirds of the stock in the said Smith Granite Company, entered into an agreement with Mary Agnes Newall and David McG. Newall, comprising the firm of Joseph Newall & Company, in which it was provided that the said Joseph Newall & Company should transfer and convey to the said Orlando R. and Julia E. Smith all the assets of the firm of Joseph Newall & Company used in or connected with their quarry for the sum of one hundred and ten thousand dollars in cash; and said agreement further provided that the said Joseph Newall & Company should, upon the execution thereof, receive from the said Orlando R. and Julia E. Smith the sum of ten thousand dollars in cash, which sum upon the completion of the purchase should be considered as a part of the purchase price of one hundred and ten thousand dollars ; and in the event that the said Orlando R. and Julia E. Smith should fail to carry out their part of the agreement, said sum of ten thousand dollars should be held and retained by the said Joseph Newall & Company as duly assessed and liquidated damages for the breach of the said agreement, not subject to any abatement or deduction ; that subsequent to the decease of said Orlando R. Smith an attempt was made to transfer said agreement to the Smith Granite Company by an instru-

ment in writing executed by the said Julia E. Smith and Orlando R. Smith, executor under the will of Orlando R. Smith, deceased, and that a vote of the Smith Granite Company was passed, with the knowledge and assent of the said Mary A. and David McG. Newall, for the purpose of having the Smith Granite Company assume and accept said contract ; that the execution of said assignment on the part of said Smith, executor, was without consideration, and that the attempted assumption of said contract by said Smith Granite Company was without consideration and *ultra vires ;* that upon the execution of said agreement by the said Orlando R. and Julia E. Smith and the said Mary Agnes Newall and David McG. Newall, comprising the firm of Joseph Newall & Company, the said Orlando R. and Julia E. Smith paid the sum of ten thousand dollars in cash to the said Joseph Newall & Company ; that on the 23d day of October, 1898, and before any action could be taken towards carrying out the terms of said agreement, the said Orlando R. Smith deceased, leaving a widow, Jennie J. Smith, one son of full age, and seven minor children ; that the said Orlando R. Smith deceased leaving a last will and testament, which has been duly probated, and that under and by the terms of said will his entire estate and property was left to his son, Orlando R. Smith, in trust, for the benefit of his widow and children ; that on the 28th day of November, 1898, and in furtherance of said agreement, and with a view to the consolidation of the two properties as before mentioned, the said Smith Granite Company procured from the General Assembly an amendment to its charter changing the name of said company to the Smith & Newall Granite Company, and providing, among other things, for an issue of bonds to the amount of $200,000 ; that on the 12th day of December, 1898, the Smith Granite Company duly accepted the amendment to its charter before referred to ; that on the 12th day of January, 1899, subsequent to the execution of said agreement, the said Joseph Newall & Company transferred and conveyed to the Smith Granite Company the real estate referred to and described in said agreement, together with cer-

tain other assets therein named, but did not, and has never, although requested so to do, transferred to said Orlando R. and Julia E. Smith, nor to the Smith Granite Company, nor to its successor, the Smith & Newall Granite Company, its cash in bank or in its hands, as contemplated by said agreement; that subsequent to the execution of the agreement of October 12, 1898, and also subsequent to the death of the said Orlando R. Smith, but before the transfer of the real estate from Joseph Newall & Company to the Smith & Newall Granite Company, it became known to all the parties to said agreement that the said Julia E. Smith together with the representatives of the said Orlando R. Smith, deceased, were not and would not be able to carry out the terms of the said agreement by paying to the said Joseph Newall & Company the balance of the consideration in said agreement mentioned, to wit, one hundred thousand dollars in cash, and both parties to said agreement being desirous that the same should, if possible, be carried out and the consolidation of the two properties effected, it was thereupon verbally agreed between the parties that said agreement should be changed and modified respecting the mode of payment, and that the said Joseph Newall & Company should, in lieu of cash, accept $10,000 in the stock of the new company, and should receive $90,000 from the first proceeds of the sale of the bonds of said Smith & Newall Granite Company ; that the said Orlando R. Smith, now deceased, and the said Julia E. Smith owned a large majority of the stock of the said Smith Granite Company, and that the said Julia E. Smith and the legal representatives of the said Orlando R. Smith would have been entitled to a large majority of the stock of the said Smith & Newall Granite Company had the said consolidation scheme been carried into effect; that the said David McG. Newall, representing himself and the said Joseph Newall & Company, participated in the meetings of the said Smith Granite Company and of the said Smith & Newall Granite Company, favored the issue of $200,000 in bonds; the placing of the same for sale in the hands of S. W. Kilvert of said Providence ; the payment from the first proceeds thereof to the said Joseph Newall

& Company of the sum of $90,000 ; the delivery to him of $10,000 at par in the stock of the new company, and the employment of himself, the said David McG. Newall, as manager of said Smith & Newall Granite Company for the term of three years at a salary of $4,000 per year ; that the bonds of said Smith & Newall Granite Company to the amount of $200,000 were duly prepared and executed and placed in the hands of the said S. W. Kilvert of Providence, as selling agent, and a mortgage was executed to the Industrial Trust Company to secure the same ; that the said S. W. Kilvert, after a long and persistent effort to sell said bonds in the markets of Westerly, Providence, Boston, and New York, had been unable to dispose of the same or any portion thereof, and had reported to said Smith & Newall Granite Company that such sale had not been effected and that he was satisfied that the said bonds could not be sold ; that said bonds could not be sold, and that the complainants were powerless to, in any other manner or by any other means, procure the said sum of $90,000, which would enable them to perform their part of the said agreement, and therefore that the performance of said agreement was impossible ; that by way of compromise, not admitting any right of the said Joseph Newall & Company to retain said sum of $10,000 as a forfeit under said agreement, they have offered to reconvey to the said Joseph Newall & Company the real estate described in said agreement, and to re-imburse the said Joseph Newall & Company for any and all expenditures made by them in consequence of said agreement, and to discharge all obligations and pay all sums of money due the said Joseph Newall & Company as creditors of the said Smith & Newall Granite Company, to eliminate the name of Newall by a proper amendatory act from the charter of said company, without expense to the said Joseph Newall & Company, and to permit it, the said Joseph Newall & Company, to retain to their own use the said sum of $10,000 already paid to them, which said offer on the part of the complainants the said Joseph Newall & Company had refused to accept ; that the

said Joseph Newall & Company claim, by reason of the vote of the said Smith & Newall Granite Company of December 29, 1898, and the execution and placing of the bonds of said company in the hands of the said S. W. Kilvert for sale, that they, the said Joseph Newall & Company, have acquired and secured a lien, prior to all creditors, upon the property now standing in the name of the Smith & Newall Granite Company for the sum of $90,000, and insist that said $90,000 must be paid in cash, or that the property formerly belonging to both the Smith Granite Company and Joseph Newall & Company must be mortgaged to the latter to secure said sum, to the exclusion of the creditors of the Smith Granite Company; that five of the banks located and doing business in said Westerly, all of whom are now creditors of the Smith Granite Company to a large amount, have signified to the complainants that they would regard any mortgage placed upon said property to secure said $90,000, as calculated to deprive them of their just rights as creditors, and would not permit the same to become a lien upon the property of the said Smith & Newall Granite Company prior to their claims against the same; that the business heretofore carried on by the said Smith Granite Company and the said Joseph Newall & Company is at a complete standstill, and that the same cannot be resumed under existing conditions, and that some contracts now partially executed cannot be completed and others which have been accepted cannot be commenced, and that unless some disposition of the pending matters is soon made, the interests of the complainants in the estates and property must become seriously reduced in value if not wholly lost; that the interests of all parties require that their rights in the premises should be declared, and that inasmuch as the performance of the agreement of October 12, 1898, either in its original form or as subsequently modified, has not and cannot be performed in its essential and material parts; that the estates and property covered by and involved in said attempted consolidation scheme can only be preserved and protected by rescinding the said agreement, the complainants offer to reconvey to the said Joseph Newall & Com-

pany the real estate described in said agreement and to discharge any debts due to the said Joseph Newall & Company, claiming that the said Joseph Newall & Company should be required to account for said sum of $10,000, unless it shall satisfactorily appear that they have so performed their part of the agreement as to be entitled to the forfeit provided for therein.

After the decision reported in 22 R. I. 220, the complainants asked leave to amend their bill by averring that prior to and at the time of the execution of the contract of October 12, 1898, by and on the part of the said Orlando R. Smith, that the latter was a patient in a hospital, suffering from an incurable disease, and was physically and mentally weak, by reason of which he was incapable of transacting business and unable to comprehend the meaning and effect of his acts and of said contract; that while incompetent, as stated, the said David McG. Newall, together with his brother W. N. Newall, and an employee of the Smith Granite Company, visited the said Smith at the hospital and procured him, while so incapacitated, to sign the agreement by which he, together with his sister Julia E. Smith, became obligated to pay a sum far in excess of the value of the Newall quarry; that the agreement, with the signature of the said Orlando R. Smith, was then taken to and shown to Julia E. Smith, and that she was induced to sign it, relying upon his signature and believing that he approved of it; that the said David McG. Newall, acting for himself and the Newall Company in furtherance of the scheme to sell their quarry for a sum in excess of its value, undertook to have the agreement assigned to the Smith Granite Company by the said Julia E. Smith and Orlando R. Smith, executor; that the latter parties, not knowing that the agreement was void for incapacity and deception, executed such pretended assignment, and that the Smith Granite Company, for the same reasons, accepted such assignment; that after the pretended transfer the respondents, D. McG. Newall, Kilvert, and Kimball, undertook to obtain the control of the Smith Granite Company and the Smith & Newall Granite Company; that the sum of $10,000 paid to

the Newall Company under the agreement has been retained by them as damages; that, assuming the contract of October 12, 1898, to be valid, and that it has not been performed by the said Julia E., Orlando R. Smith, or the Smith Granite Company, or the Smith & Newall Granite Company, that all damages for the breach have been fixed by its terms and have been fully 'paid to the said Newall Company, and that the latter have no further claim against any of the parties complainant.   Heard on motion to amend bill, and motion denied.

(1)   PER CURIAM.   The complainants' motion to amend their bill is denied.   Not only do they fail to aver a lack of knowledge on their part of the incompetency of Orlando R. Smith at the time of the several votes amounting to a ratification of the contract, subsequent to November 9, 1898, but most of the proposed amendments, if made, would not, in fact, be amendments to the present bill, but would make it a new bill, calling for new testimony and a new trial of the case already decided.   It is too late to introduce amendments of such a character.

The proposed amendment relating to the agreement that the $10,000 paid by the complainants to the respondents should be retained by the latter as liquidated damages for the breach of the agreement by the complainants is disposed of by the decision that the contract of sale had been fully executed by the respondents.   It was a contract for the sale of land.   The respondents gave their deed, which was accepted by the complainants and recorded.   They also entered into possession of the land and have since held it, subject only to the appointment of the temporary receiver in this case.   The only breach of the agreement has been in the mode of payment subsequently agreed on by the parties, which has been found to be impossible without fault on their part.   If the complainants had refused to take the deed, the clause relating to liquidated damages would have applied.   But, they having taken the land, it has no application to the present state of affairs.   If it had, it would lead to the absurd result of holding that their refusal to pay $100,000 for the land was

a breach of the agreement, for which $10,000 is the amount of liquidated damages. The court has no power to compel the respondents on this bill to take back land which they have conveyed and which the complainants have accepted.

*W. B. Vincent*, for complainants.

*Miller & Carroll and A. B. Crafts*, for respondents.